**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RANDY O. BOHARDT,**

        **Petitioner,**

    **v.**                                                             **Case No. 09-C-1113**

**RICK RAEMISCH,**[1]

        **Respondent.**

---

## DECISION AND ORDER

---

        The pro se Petitioner, Randy O. Bohardt ("Bohardt") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, with an attached appendix. He also filed a motion for appointment of counsel.

        Bohardt's petition does not list his place of confinement. Bohardt states that he is attacking the December 8, 1994, judgment of conviction entered by the Shawano County Circuit Court following a jury trial. The judgment of conviction sentenced him to ten years in prison for second-degree sexual assault of a child; and ten years in prison, concurrent to the preceding count, for second-degree sexual assault by use or threat of force; and, eight years in prison, consecutive to the two preceding counts, for child enticement for the purpose of sexual contact. However, the grounds raised by Bohardt's petition do not relate directly to that conviction. Instead, they relate to proceedings under Wisconsin Statute chapter 980,

---

[1] The petitioner named as respondent "Alfonso Graham (or Current DOC Secretary)." The Court has substituted the name of the current Wisconsin Department of Corrections Secretary, Rick Raemisch ("Raemisch"), as the Respondent. *See* http://www.wi-doc.com (last visited Dec. 16, 2009).

Wisconsin's sexually violent person civil commitment provision. *See Burgess v. Watters*, 467 F.3d 676, 684 (7th Cir. 2006).

Bohardt paid the $5.00 filing fee for his petition. Thus, this matter is before the Court for a preliminary review of the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. According to Rule 4, the Court makes a preliminary review and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court examines the petition to determine whether the petitioner advances a cognizable claim that he is being held in violation of federal or Constitutional law, and whether the petitioner has exhausted available state remedies.

The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is "in custody." *Virsnieks v. Smith*, 521 F.3d 707, 719 (7th Cir.)(citing 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a)), *cert. denied*, ___ U.S. ___, 129 S.Ct. 161 (2008). The information provided by Bohardt is insufficient for the Court to determine whether he meets the threshold requirement of § 2254 that he is "in custody."

Since whether Bohardt satisfies the "in custody" requirement is not subject to resolution at this time, the Court will consider whether Bohardt has raised cognizable claims that he is being held in violation of federal or Constitutional law. Bohardt's petition lists three grounds: (1) his right to appeal from the denial of a post-conviction motion challenging the
2

application of Wisconsin Statutes chapters 975[2] and 980, and the presumptive mandatory release date was denied, because his request for transcripts was denied; (2) an *ex post facto law* was illegally applied to him; and, (3) Wisconsin Statutes chapters 975 and 980, and presumptive mandatory release date do not apply to him because he was not sentenced to the Wisconsin Department of Health and Human Services. Bohardt's petition states that he did not present the grounds he lists in his petition because the Wisconsin Court of Appeals would not grant him transcripts without costs. However, he has also provided the Court with several Wisconsin Court of Appeals decisions addressing the transcript issue, (*see* App. M, P, Q, R), and a Wisconsin Court of Appeals decision addressing that issue as well as other claims relating to his current grounds for relief. (*See* App. S.)

Bohardt's first ground for relief relates to the denial of his request for transcripts, which he asserts resulted in the denial of his right to appeal. The Supreme Court has recognized that despite the general line drawn between civil and criminal cases, when "a fundamental interest is at stake," states must provide civil litigants access to its judicial processes without regard to a litigant's ability to comply with filing requirements. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996) (record preparation fees in mother's appeal from termination of her parental rights). Under the circumstances and at this preliminary stage of review, this Court cannot find that Bohardt's first ground for relief is plainly without merit.

With respect to Bohardt's contention that Wisconsin illegally applied an *ex post*

---

[2]Chapter 975 of the Wisconsin Statutes, the Wisconsin "Sex Crimes Law," permitted Wisconsin to seek the civil commitment of persons convicted of certain enumerated sexual offenses. *State ex rel. Pharm v. Bartow*, 727 N.W.2d 1, 20 n.15 (Wis. 2007). However, the provisions of Chapter 975 were restricted to proceedings commenced prior to 1980. *See id.*

*facto* law against him, in *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997), the Supreme Court held that a Kansas statute permitting confinement of a person who was likely to engage in "predatory acts of sexual violence" violated neither the Double Jeopardy Clause of the Constitution nor the *ex post facto* clause because it was "unpersuaded . . . that Kansas has established criminal proceedings." The court explained that the *ex post facto clause*, which "'forbids the application of any new punitive measure to a crime already consummated,'" had been interpreted to pertain exclusively to penal statutes. *Id.* at 370-71 (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499, 505 (1995) (quoting *Lindsey v. Washington*, 301 U.S. 397, 401 (1937)). The court stated that the Kansas law did not impose punishment; thus, its application did not raise *ex post facto* concerns. *Hendricks*, 521 U.S. at 371. Moreover, the Kansas law clearly did not have retroactive effect because it permitted involuntary confinement based upon a determination that the person currently both suffered from a "mental abnormality" or "personality disorder" and was likely to pose a future danger to the public. *Id*. Additionally, to the extent that past behavior was taken into account, it was used solely for evidentiary purposes. *Id*. Thus, the court held that because the Kansas law did not criminalize conduct legal before its enactment, nor deprive Hendricks of any defense that was available to him at the time of his crimes, the Kansas law did not violate the *ex post facto* clause. *Id*.

> *Burgess*, 467 F.3d at 684, holds that the Wisconsin civil commitment proceeding is a civil, not a criminal, proceeding. *Burgess* relied on *Hendricks*, stating that the Kansas law

4

was "materially identical" to Wisconsin's. *Id.* Based on the foregoing, Bohardt has not raised an arguable *ex post facto* claim. Therefore, his second ground for relief is dismissed.

The third ground raised by Bohardt is that because he was not sentenced to the Department of Social Services, Wisconsin Statutes chapters 975 and 980, and the presumptive mandatory release date do not apply to him. Despite a liberal construction, the third ground raised by Bohardt does not raise an arguable constitutional claim and is dismissed.

The Court next considers whether Bohardt has exhausted his first ground for relief which is his sole arguable constitutional claim. Claims are exhausted when they have been presented to the highest state court or when no state remedies remain for the petitioner. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by bringing the claim before the state appellate and then the state supreme court, even if its review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999). Additionally, the claims raised in the petition must be the same claims that were raised and exhausted in state court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). State courts are fully capable of ruling on federal law, and a petitioner has not satisfied the exhaustion requirement unless the state courts heard the alleged violations of his federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

As previously noted, Bohardt filed an appeal with the Wisconsin Court of Appeals and raised the issue of the denial of his motion for transcripts. His appeal was denied on July 29, 2008. (*See* App. S.) Thereafter, Bohardt filed a petition for review with the

Wisconsin Supreme Court, which it denied on November 17, 2008. http://wscca.wicourts.gov/appeal (last visited Dec. 16, 2009).[3]

Therefore, at this juncture, dismissal of ground one of Bohardt's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts is not warranted. As such, Raemisch will be called upon to serve and file an answer, motion, or other response to ground one of Bohardt's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Raemisch's answer must contain the information required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**Motion for Appointment of Counsel**

Bohardt filed a motion for appointment of counsel, accompanied by an affidavit that he drafted in support of the motion. In his affidavit, he states that he does not have the money to hire counsel, he is untrained in the law, and "another prisoner" has been assisting him.

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel must be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. *See* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

---

[3]Bohardt's submissions do not disclose the nature of the claims that he raised in his petition for review by the Wisconsin Supreme Court.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[4]

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[5] However, the court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Bohardt's affidavit in support of his motion for appointment of counsel is conclusory. The Court requires factual information to evaluate whether Bohardt is indigent. If Bohardt intends

---

[4]The appointment of counsel provision of the federal *in forma pauperis* statute is now found at 28 U.S.C. § 1915(e)(1).

[5]The court explained:

The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

to further pursue his request for appointment of counsel, he must complete and file this District's form affidavit to proceed without prepayment of fees and costs so that the Court has sufficient information to evaluate his purported indigency. A copy of that form is included with this Decision and Order. Bohardt's motion for appointment of counsel also lacks any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Bohardt has not satisfied the threshold requirements for appointment of counsel, the motion is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Raemisch is **SUBSTITUTED** as the Respondent;

Grounds two and three of Bohardt's petition are **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts;

The Clerk of Court **MUST** serve a copy of the petition and this order upon Raemisch;

Raemisch **MUST** serve and file an answer, motion, or other response to ground one of the petition **on or before January 20, 2010**. Any answer **MUST** contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts;

Bohardt's motion for appointment of counsel is **DENIED**; and,

The Clerk of Court is **DIRECTED** to send this District's form affidavit to proceed without prepayment of fees and costs to Bohardt with his copy of this Decision and Order .

Bohardt is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5 (a), to send a copy of every paper or document filed with the Court to Raemisch or Raemisch's attorney. Bohardt should also retain a personal copy of each document.

If Bohardt does not have access to a photocopy machine, Bohardt may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Raemisch or Raemisch's attorney.

Dated at Milwaukee, Wisconsin this 17th day of December, 2009.

        **BY THE COURT**

        *s/ Rudolph T. Randa*
        **Hon. Rudolph T. Randa**
        **U.S. District Judge**