# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDY O. BOHARDT,**
            Petitioner,

         v.                          Case No. 09-C-1113

**RICK RAEMISCH,**
            Respondent.

## DECISION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS

On December 1, 2009, Randy O. Bohardt ("Bohardt"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The Honorable Rudolph T. Randa screened Bohardt's petition in accordance with Rule 4 of the Rules Governing Section 2254 cases and ordered the respondent to answer the first claim raised in the petition; Judge Randa ordered grounds two and three dismissed pursuant Rule 4. (Docket No. 4.) The matter was then transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 10.) The respondent has answered the petition, (Docket No. 12), and Bohardt has replied, (Docket Nos. 15, 16.) The pleadings on the petition are closed and the matter is ready for resolution.

Bohardt was convicted in Shawano County Circuit Court on December 8, 1994 for various crimes related to the sexual assault of a child. (Docket No. 1 at 1.) Bohardt was sentenced to prison, served his time, and was paroled. (Docket No. 12 at 1-2.) He is currently on parole. (Docket No. 12 at 2.)

On January 9, 2007, Bohardt filed a motion in Shawano County Circuit Court contending that he did not meet the criteria for civil commitment, treatment, and intensive sanction program

because they were not ordered by the trial court and to apply them now would violate the ex post facto clause of the Eighth Amendment. (Docket No. 1 at 3.) The circuit court denied this motion and Bohardt appealed. (Docket No. 1 at 4-5.) The circuit court denied Bohardt's request for free transcripts of this motion hearing on the basis that Bohardt "fail[ed] to sufficiently set forth the nature of the contemplated appeal for which the transcript is sought." (Docket No. 1 at 23.) The court of appeals also subsequently denied Bohardt's request for free transcripts stating:

> [Bohardt] does not identify any issues of arguable merit that would necessitate a transcript for appellate review. Rather, he claims he needs the transcript to identify the issues. Because Bohardt has failed to meet his burden of proving the trial court erred by denying his free transcript request, Bohardt's motion is denied.

(Docket No. 1 at 35.) Bohardt twice asked the court to reconsider its order and the court of appeals denied the requests. (Docket No. 1 at 42, 44.) On July 29, 2008, the court of appeals summarily denied Bohardt's appeal. (Docket No. 1 at 45-48.) On November 17, 2008, the Wisconsin Supreme Court denied review. (Ans. Ex. M.)

The respondent concedes that Bohardt's petition was timely filed under 28 U.S.C. § 2244(d)(1)(A). (Docket No. 12 at 3.) It is unclear to this court how the respondent reached this conclusion. Even without considering any of the time that elapsed prior to Bohardt bringing the motion that forms the basis for his present challenge, there is no dispute that this collateral attack upon his conviction was complete on November 17, 2008, when the Wisconsin Supreme Court denied review. (Ans. Ex. M). Bohardt's present petition was filed more than a year later on December 1, 2009.

Although the 90 days in which a petitioner may seek review of a judgment by the state's highest court by the United States Supreme Court are tacked onto the 1-year time limit for direct appeals, see Clay v. United States, 537 U.S. 522 (2003), this does not apply to state court collateral challenges to a conviction, see Lawrence v. Florida, 549 U.S. 327 (2007). The 1-year clock stops running while "a properly filed application for State post-conviction or other collateral review with

2

respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), but the 1-year clock begins running again the day after a state's highest court denies a collateral challenge to a conviction. See Lawrence, 549 U.S. 327.

Perhaps the respondent recognized that the timeliness of Bohardt's petition was the least of the problems with the petition and thus simply found it more efficient to concede timeliness. Whatever the reason, the statute of limitations is not jurisdictional and thus may be waived by the respondent, Day v. McDonough, 547 U.S. 198, 209-10 (2006). Therefore, the court finds it unnecessary to further address the matter. The bigger problem with Bohardt's petition is that he fails to present a cognizable claim for federal habeas corpus relief.

"The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is 'in custody.'" Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (citing 28 U.S.C. § 2241(c); § 2254(a)). It is not enough that a petitioner is confined; rather, he must be confined as a result of the conviction he seeks to challenge in his present petition. See Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir. 1990) ("That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid."). Thus, a federal court lacks "pendent jurisdiction" over habeas challenges unrelated to the petitioner's custody. Virsnieks, 521 F.3d at 721.

Bohardt is on parole and thus is "in custody" for the purposes of 28 U.S.C. § 2241(d). Jones v. Cunningham, 371 U.S. 236, 243 (1963). However, this custody is not a result of the alleged denial of a constitutional right raised by Bohardt, i.e. the denial of free transcripts that he contends were necessary to permit him to prosecute his appeal. This court has jurisdiction over a petition for a writ of habeas corpus under § 2254 only if there is a cause and effect relationship between the defendant's current custody and the alleged constitutional error.

The sole claim remaining in Bohardt's petition following Judge Randa's screening of his petition under Rule 4 is that he was denied a right to appeal when he was denied free transcripts of the proceedings in the circuit court for use in his appeal. Bohardt's appeal for which he was denied the circuit court transcripts related to his claim that he could not be subject to commitment under Chapter 980, Wisconsin's sexually violent person law. However, Bohardt is not in custody under this law. (Docket No. 12 at 6.) Nor is there any indication that the state has attempted or even contemplated seeking to commit Bohardt under this statute. (See Docket No. 12 at 6.)

The apparent purpose of Bohardt's state court challenge that led to his present petition is his attempt to obtain a pre-emptive declaratory court ruling that he could not be subject to a Chapter 980 civil commitment. The possibility that a petitioner might potentially be subjected to some form of custody in the future does not present a cognizable claim for federal habeas corpus relief. See Virsnieks, 521 F.3d at 719 (holding that requirement that petitioner register as a sex offender did not constitute custody even though failure to do so might result in future custody).

Because Bohardt has failed to demonstrate that he is in custody as result of any alleged constitutional violation, the court is precluded from considering the merits of Borhardt's petition. Accordingly, Bohardt's petition shall be dismissed.

Further, in accordance with Rule 11 of the Rules Governing Section 2254 Cases, the court finds that Bohardt has failed to make a substantial showing of the denial of a constitutional right and therefore the court declines to issue Bohardt a certificate of appealability.

**IT IS THEREFORE ORDERED** that Bohardt's petition for a writ of habeas corpus is **denied**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of April, 2010.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
